UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHA'RHONDA MYLES,

Plaintiff,

v.

MICHIGAN STATE LOTTERY CHARITABLE GAMING,

Defendant.
______________________________/

Case No. 26-13995

F. Kay Behm
United States District Judge

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT IN PART (ECF No. 1)**

## I. PROCEDURAL HISTORY

On October 19, 2026, Plaintiff Sha'Rhonda Myles filed a complaint against Defendant Michigan State Lottery Charitable Gaming, alleging employment discrimination, retaliation, and hostile work environment based on race and age. (ECF No. 1). On the same day, she also filed an application to proceed without prepaying fees or costs. (ECF No. 2). The court finds the application to proceed without prepaying fees and costs facially sufficient and **GRANTS** the application. For the reasons explained below, however, Plaintiff's complaint will be summarily **DISMISSED IN PART** without prejudice

under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. For the reasons explained below, Plaintiff's age and race discrimination and hostile work environment claims are **DISMISSED**, but her retaliation claim remains pending.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require

'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

Plaintiff apparently filed a complaint with the EEOC and received a notice of right to sue letter. (ECF No. 1-1, PageID.12). To explain the facts supporting her claims, the complaint attaches a three-page letter that Plaintiff wrote. (ECF No. 1-2, PageID.18-20). In the letter, Plaintiff details her disciplinary history, her performance improvement plan, and her various interactions with management, coworkers, human resources personnel, and her union representative. She notes when the person she interacted with was white. After detailing these interactions, Plaintiff concludes that:

> Said employer continued to create a hostile work environment, with continuous retaliation every time a complaint was filed against the employer, in addition to racial discrimination and disparity of treatment. Which led to additional stress for "perfect work performance", mental and physical health issues due to this matter. This a clear form of a hostile work environment, disparity of treatment and racial discrimination in this matter by the employer.

(ECF No. 1-2, PageID.20).

The court finds the events described in the letter are not sufficient to state a claim for discrimination or hostile work environment based on race or age. Of course, a plaintiff "is not required to state a prima facie case to survive a Motion to Dismiss, even though it may be helpful to their case." *Whitehead v. Sterling Jewelers, Inc*., 648 F. Supp. 3d 951, 959 (W.D. Tenn. 2023) (citing *Davis v. Prison Health Servs*., 679 F.3d 433, 439-40 (6th Cir. 2012)). Instead, she "need only satisfy the plausibility standard of *Twombly*." *Menge v. City of Highland Park*, No. 21-10152, 2022 WL 54544, at *8 (E.D. Mich. Jan. 5, 2022); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading requirement."). Nonetheless, Plaintiff must still allege "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that

Defendant discriminated against Plaintiff or created a hostile work environment because of her race or age. *Keys v. Humana, Inc*., 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted). Plaintiff does not do so here. Instead, she merely offers "'naked assertion[s]' devoid of 'further factual enhancement'" that *Twombly* and *Iqbal* prohibit. *Id*. (citations omitted). Nothing in the letter suggests that Plaintiff was discriminated against based on her race or age or subject to a hostile work environment based on her race or age, other than the conclusory allegation at the end of her letter quoted above. This is not sufficient to state a claim for discrimination. *See Wiseman v. Spectrum Healthcare Resource*, 2021 WL 4399718, at *3 (W.D. Tenn. Sept. 27, 2021) (explaining that stating a claim for race discrimination under Title VII requires a plaintiff to "plead facts which allow the court to infer that the employer's wrongful termination related to the plaintiff's race," and stating a claim for color discrimination requires that the court "be able to ascertain that the termination occurred because of the color of the plaintiff's skin") (citations omitted).

Other courts have found such conclusory allegations fail to give rise to "a plausible inference that any mistreatment [the plaintiff] alleges was taken against h[er] was based on or because of h[er] sex (or any other characteristic

protected by Title VII)." *Vaughn v. Sec'y of Dep't of Veterans Affs.*, No. 1:21-CV-1786, 2022 WL 118186, at *2 (N.D. Ohio Jan. 12, 2022). Indeed, a complaint is properly dismissed for failure to state a claim under § 1915(e)(2)(B) where it "fail[s] to provide any support" for an allegation that a defendant unlawfully discriminated on the basis of a characteristic protected by Title VII. *Id.* (quoting *Tucker v. Victor Gelb, Inc.*, No. 98-4070, 1999 WL 801544, at *1 (6th Cir. Sept. 28, 1999)). "A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012); *see also Bhuiyan v. Dep't of Treasury*, No. 2:24-CV-3964, 2024 WL 4835549, at *2 (S.D. Ohio Nov. 20, 2024) ("All of Plaintiff's [employment discrimination] claims must be dismissed because his allegations are threadbare. Plaintiff does not allege facts sufficient to raise a reasonable inference that any of Defendant's alleged actions were unlawful."), *report and recommendation adopted*, 2025 WL 79634 (S.D. Ohio Jan. 13, 2025). Accordingly, the court will dismiss Plaintiff's discrimination and hostile work environment claims for failure to state a claim.

The court reaches a different conclusion on Plaintiff's Title VII retaliation claim. Under Title VII, it is "unlawful ... for an employer to discriminate against any of his employees ... because [s]he has opposed any practice made unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). For a prima facie case of retaliation, a plaintiff must thus show that: (1) she acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against her; and (4) the adverse action had a causal connection to the protected activity. *Lundy v. Gen. Motors Corp.*, 101 F. App'x 68, 73 (6th Cir. 2004). Again, Plaintiff need not allege a prima facie case in order to survive dismissal, but the elements are helpful to this analysis. Plaintiff alleges in her complaint that on June 10, 2026, she received an email from the EEOC stating that her employer had received documentation regarding the charges that she had filed for discrimination and retaliation. (ECF No. 1-2, PageID.19). On that same day, Plaintiff received a "notice for a disciplinary conference via email scheduled for June 16, 2026, for unsatisfactory follow up interim rating that would result in separation from state service and my last day would be June 16, 2026." *Id*. At this stage of the proceedings, these allegations plausibly suggest that Plaintiff engaged in

protected activity, that Defendant knew of the protected activity and took adverse action against her, and that the adverse action is related to the protected activity. The court concludes that Plaintiff has offered more than naked assertions in support of a retaliation claim and "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that Defendants retaliated against her in violation of Title VII. *See Keys*, 684 F.3d at 610.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's complaint is **DISMISSED** in part without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. Plaintiff's age and race discrimination and hostile work environment claims are **DISMISSED**, but her retaliation claim remains pending.

**SO ORDERED.**

Date: November 18, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge